UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KIMMARIE NORMAN, *individually and on behalf of all others similarly situated*,

                               Plaintiffs,

-v-

THREE IN ONE EQUITIES, LLC, *et al.*,
                               Defendants.

22-CV-3176 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      On April 18, 2022, Plaintiff Kimmarie Norman, acting individually and on behalf of all others similarly situated, sued Defendants, Mi Bandera Groceries and Meats Inc. and Three In One Equities, LLC, seeking injunctive relief, declaratory relief, and damages under the Americans with Disabilities Act and state laws. (ECF No. 1.) On June 30, 2022, Defendant Three In One Equities filed an answer and a cross-claim against Defendant Mi Bandera Groceries and Meats. (ECF No. 11.) On September 20, 2022, Defendant Three In One Equities also filed a third-party complaint against Third-Party Defendants Wendy Yesmin Santos Luna and Nikaury Peralta. (ECF No. 22.) On February 22, 2023, the Court granted a motion by Defendant Three In One Equities' counsel to withdraw. (ECF No. 36.) On August 29, 2023, the Court deemed Three In One Equities to be in default and ordered Plaintiff to move for default judgment or file a status letter within thirty days from the issuance of the order. (ECF No. 37.) Plaintiff did not take any action responsive to that order. On October 2, 2023, the Court directed Plaintiff to file a status letter on or before October 11, 2023 and explained that failure to do so would result in the case being dismissed for failure to prosecute. (ECF No. 39.) To date, Plaintiff still has not taken any action responsive to the Court's latest order or otherwise taken any affirmative step to prosecute this case.

1

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal without prejudice is appropriate here. Plaintiff was "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay." *LeSane*, 239 F.3d at 210. Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* at 209.

Accordingly, this action is dismissed without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 12, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge